**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

AIRGAS, INC.

                                Plaintiff,

            vs.                                CIVIL ACTION NO. 10-612 (ECR)

CRAVATH, SWAINE & MOORE LLP

                                Defendant.


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT**
**CRAVATH, SWAINE & MOORE LLP'S MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

NANCY J. GELLMAN (I.D. No. 12472)
JOHN A. GUERNSEY (I.D. No. 25730)
ROBERT N. FELTOON (I.D. No. 58197)
Conrad O'Brien PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1921
Tel.:  (215) 864-9600
Fax:  (215) 864-9620

*Attorneys for Defendant*
*Cravath, Swaine & Moore LLP*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 3

I.   THE PLEADINGS FAIL TO ESTABLISH THAT CRAVATH'S CONDUCT
     CAUSED AIRGAS TO SUFFER ANY LEGALLY COGNIZABLE INJURY ................ 3

     A.   The Allegations of Harm Airgas Included in Its Complaint Do Not
          Constitute Legally Cognizable Injury. ................................................................... 3

          1.   Airgas's request for attorneys' fees incurred in the litigation
               against Cravath cannot support its claim for breach of fiduciary
               duty. ........................................................................................................... 3

          2.   Expenses incurred by Airgas in hiring replacement financing
               counsel are not attributable to Cravath's alleged misconduct. ................... 5

          3.   Airgas's alleged difficulty in obtaining financing is not attributable
               to Cravath's alleged misconduct. ............................................................... 8

     B.   Airgas's New Request for Disgorgement Cannot Save the Complaint. .................. 9

     C.   Airgas's Punitive Damages Demand Cannot Save the Complaint. ....................... 13

CONCLUSION .......................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amato v. KPMG LLP*,
433 F. Supp. 2d 460 (M.D. Pa. 2006) ........................................................................6

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ..............................................................................................9

*Axcan Scandipharm, Inc. v. Reed Smith, LLP*,
No. 03827, 2007 Phila. Ct. Com. Pl. LEXIS 78 (Pa. Com. Pl. Mar. 26, 2007) ....................4, 7

*Barcola v. Hourigan, Kluger & Quinn P.C.*,
No. 02-cv-338, 03-cv-2329, 2006 WL 4757478 (Pa. Com. Pl. Dec. 29, 2006) ......................6

*Bertelsen v. Harris*,
537 F.3d 1047 (9th Cir. 2008) ..................................................................................10

*Burrow v. Arce*,
997 S.W.2d 229 (Tex. 1999) ......................................................................................11

*Chen v. Chen Qualified Settlement Fund*,
552 F.3d 218 (2d Cir. 2009) ......................................................................................12

*DiGregorio v. Keystone Health Plan East*,
840 A.2d 361 (Pa. Super. Ct. 2003) ............................................................................13

*Dinger v. Allfirst Fin., Inc.*,
82 Fed. Appx. 261 (3d Cir. 2003) ..............................................................................10

*Feinberg v. Eckelmeyer*,
09-cv-1536-WY, 2009 WL 4906376 (E.D. Pa. Dec. 16, 2009) ......................................12

*Fidelity Bank v. Commonwealth Marine and General Assurance Co., Ltd.*,
592 F. Supp. 513 (E.D. Pa. 1984) ..............................................................................4

*Fin Gen. Bankshares, Inc. v. Metzger*,
523 F. Supp. 744 (D.D.C. 1981) ................................................................................12

*Frank v. Bloom*,
634 F.2d 1245 (10th Cir. 1980) ................................................................................12

*Goldstein v. Lees*,
46 Cal. App. 3d 614 (2d Dist. 1975) ..........................................................................12

*Hackers Inc. v. Palmer*,
    No. 10361, 2006 WL 4091390, at *490 (Pa. Com. Pl. Apr. 6, 2006).......................................7

*Health Robotics, LLC v. Bennett*,
    No. 09-0627, 2009 WL 5033966 (E.D. Pa. Dec. 22, 2009)................................................6, 10

*Hendry v. Pelland*,
    73 F.3d 397 (D.C. Cir. 1996) ...............................................................................................11

*Huber v. Taylor*,
    469 F.3d 67 (3d Cir. 2006)....................................................................................................10

*In re Estate of Corriea*,
    719 A.2d 1234 (D.C. Ct. App. 1998).....................................................................................12

*Maio v. Aetna Inc.*,
    221 F.3d 472 (3d Cir. 2000)....................................................................................................8

*McDermott v. Party City Corp.*,
    11 F. Supp. 2d 612 (E.D. Pa. 1998) ......................................................................................10

*McElroy v. Robinson & Cole, LLP*,
    No. 99-4677C, 2001 WL 1319970 (Mass. Super. Oct. 25, 2001) ..........................................11

*Merlino v. Delaware County*,
    728 A.2d 949 (Pa. 1999) .........................................................................................................3

*Merrel v. Lawler*,
    No. 09-cv-1093, 2009 WL 1810978 (M.D. Pa. June 24, 2009)................................................6

*Mosaica Academy Charter Sch. v. Commonwealth Dep't of Educ.*,
    813 A.2d 813 (Pa. 2002) .........................................................................................................4

*Peters Corp v. New Mexico Banquest Investors Corp.*,
    144 N.M. 434 (2008) ............................................................................................................11

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)....................................................................................................5

*Powell v. Drumheller*,
    653 A.2d 619 (Pa. 1995) .........................................................................................................6

*Rice v. Perl*,
    320 N.W.2d 407 (Minn. 1982)..............................................................................................11

*Rizzo v. Haines*,
    555 A.2d 58 (Pa. 1989) .......................................................................................................9, 10

*Selheimer v. Manganese Corp.*,
224 A.2d 634 (Pa. 1966) ................................................................................6

*Silbiger v. Prudence Bonds Corp.*,
180 F.2d 917 (2d Cir. 1950) .........................................................................12

*Slovensky v. Friedman*,
142 Cal. App. 4th 1518 (3rd Dist. 2006) .....................................................11

*Steiner v. Markel*,
968 A.2d 1253 (Pa. 2009) ..............................................................................6

*Synthes (USA) v. Globus Med., Inc.*,
No. 04-1235, 2007 WL 2043184 (E.D. Pa. Jul. 12, 2007) ...........................12

*Unger v. Paul Weiss Rifkind Wharton & Garrison*,
265 A.D.2d 156 (N.Y. App. Div. 1999) .......................................................11

*United States v. Hardy*,
No. 09-cr-151, 2010 WL 1543844 (W.D. Pa. April 19, 2010)....................6, 7

*Waggoner v. Caruso*,
No. 602192, 2008 WL 4274491 (N.Y. Sup. Ct. Sept. 10, 2008)...................11

*Werther v. Rosen*,
No. 1078, 2003 WL 1848570 (Pa. Com. Pl. Feb. 13, 2003)......................9, 10


**Statutes & Rules**

Federal Rule of Civil Procedure 12(c) ....................................................................1, 14


**Other Authorities**

Pa. R. P. C., pmbl. ..............................................................................................10

Pa. R. P. C. 1.16 ...............................................................................................5, 8

Pa. Suggested Standard Civil Jury Instructions § 3.15 (2008) .........................6

Restatement (Third) of the Law Governing Lawyers § 32 (2000) .....................5

Restatement (Third) of the Law Governing Lawyers § 37 (2000) ...................13

Restatement (Third) of the Law Governing Lawyers § 55 (2000) .....................6

Defendant Cravath, Swaine & Moore LLP ("Cravath") respectfully submits this reply memorandum in further support of its motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## PRELIMINARY STATEMENT

Airgas spends much of its opposition recycling its inflammatory accusations against Cravath.  Airgas, however, omits to inform the Court that, in the Delaware proceeding in which Airgas lost its bid to disqualify Cravath, three leading ethics experts -- Stephen Gillers, Bruce Green and Ronald Minkoff -- supplied affidavits affirming that Cravath discharged its obligations to Airgas in an ethical manner.  Nor does Airgas acknowledge that Chancellor Chandler recognized the tactical nature of Airgas's efforts to disqualify Cravath (*see* Feltoon Decl.[1] Ex. D., Mar. 5, 2010 Tr. at 13:1-3 ("I am even more confident in reaching this calculus because of the nature and timing of Airgas' objection to Cravath's participation")), and rejected several of the allegations and innuendo Airgas continues to press here.  (*Compare, e.g.*, Opp'n Br. at 2 (suggesting Cravath is in possession of Airgas confidential information), *and id.* at 19 (suggesting Cravath disclosed Airgas confidences to Air Products and that "armed with Cravath's intimate knowledge," Air Products "launch[ed] its takeover attack at a time when Airgas was planning for additional financing or refinancing"); *with* Feltoon Decl. Ex. D., Mar. 5, 2010 Tr. at 10:23-11:3, 13:9-11 (rejecting Airgas's allegation that Cravath possesses any Airgas

---

[1] Cravath's Memorandum in Support of the Motion for Judgment on the Pleadings is referred to herein as "Br."; Airgas's Memorandum in Support of the Opposition to the Motion for Judgment on the Pleadings is referred to herein as "Opp'n Br."; the Declaration of Robert N. Feltoon that accompanied Cravath's opening brief is referred to herein as "Feltoon Decl."; the Supplemental Declaration of Robert N. Feltoon that accompanies this brief is referred to herein as "Feltoon Supp. Decl.".

confidential information), *and id.* at 11:20-24 (crediting Cravath's representation that it had not used and it would not use any information received from Airgas).)

        But whatever may be left of Airgas's allegations that Cravath breached its duties to Airgas is not material to this motion.  That is because, hyperbole aside, Airgas has not presented any legally cognizable allegation of harm that is attributable to Cravath's purported breach, and thus Airgas has not supplied an essential element of its claim.  The three purported "harms" pleaded in the complaint -- fees paid to Cozen O'Connor for unsuccessful attempts to disqualify Cravath; fees paid for "replacement" financing counsel; and unspecified damages allegedly related to Airgas's purported difficulty in obtaining financing in the wake of Air Products' takeover offer (Compl. ¶¶ 68-70) -- do not constitute cognizable injury.  First, the law does not permit a plaintiff to claim as "injury" legal fees it spends pursuing its claims.  (*See infra* Argument Sect. I.A.1.)  Second, Cravath was under no obligation to continue to represent Airgas in perpetuity and, indeed, Airgas contends that, upon learning of the alleged conflict, Cravath should have ceased representing *both* Air Products and Airgas.  (S*ee infra* Argument Sect. I.A.2.)  Third, Airgas's alleged difficulty in obtaining financing is not attributable to Cravath's alleged misconduct.  (*See infra* Argument Sect. I.A.3.)

        Airgas's newly identified "injury" -- the fees it paid to Cravath for work performed in the fall of 2009 -- also fails to save the complaint from dismissal.  No Pennsylvania court has allowed a plaintiff asserting a claim for breach of fiduciary duty to obtain disgorgement of fees in lieu of damages, and no court anywhere has permitted disgorgement (an equitable remedy) absent proof that the allegedly conflicted attorney engaged in some sort of wrongdoing beyond a technical violation of the Rules of Professional Conduct.  (*See infra* Argument Sect. I.B.)

Finally, Airgas concedes that its request for punitive damages is contingent upon Airgas's ability properly to plead an underlying claim. There being no viable underlying claim here, the punitive damages request cannot save the complaint. (*See infra* Argument Sect. I.C.)

## ARGUMENT

## I. THE PLEADINGS FAIL TO ESTABLISH THAT CRAVATH'S CONDUCT CAUSED AIRGAS TO SUFFER ANY LEGALLY COGNIZABLE INJURY.

### A. The Allegations of Harm Airgas Included in Its Complaint Do Not Constitute Legally Cognizable Injury.

For all of Airgas's protestations that the cursory allegations of harm identified in the complaint are sufficient to plead the injury element of a claim for breach of fiduciary duty, none of those "harms" constitutes cognizable injury.[2]

#### 1. Airgas's request for attorneys' fees incurred in the litigation against Cravath cannot support its claim for breach of fiduciary duty.

Airgas argues that the attorneys' fees it incurred in connection with its efforts "to enjoin Cravath's conduct and seek redress" (Opp'n Br. at 13), *i.e.*, the fees paid to Cozen O'Connor to sue Cravath and (unsuccessfully) attempt to disqualify Cravath in the Delaware action, constitute injury.[3] Airgas is incorrect.

As Cravath demonstrated in its opening brief, absent agreement between the parties or statutory authority, the American Rule and Pennsylvania law preclude a party from recovering attorneys' fees incurred in a pending action. *See Merlino v. Delaware County*, 728 A.2d 949, 951 (Pa. 1999) (noting the rule that there can be no recovery of attorneys' fees from an

---

[2] Airgas argues that Pennsylvania law applies to its breach of fiduciary duty claim. (Opp'n Br. at 5.) At this stage, the Court need not decide the conflict of laws issue (to the extent one exists), because Cravath has agreed, for purposes of this motion, that the Court may evaluate Airgas's claim under Pennsylvania law. (*See* Br. at 9 n.3.)

[3] It is clear that the attorneys' fees Airgas references in paragraph 68 of its complaint are the fees it has paid to pursue its litigation against Cravath, rather than the fees Airgas paid to Cravath in the fall of 2009.

adverse party, absent an express statutory authorization, a clear agreement by the parties or some

other established exception); *Mosaica Academy Charter Sch. v. Commonwealth Dep't of Educ.*,

813 A.2d 813, 822-23 (Pa. 2002) (same).  The two cases Airgas cites to support its argument to

the contrary are inapposite.  In *Axcan Scandipharm, Inc. v. Reed Smith, LLP*, No. 03827, 2007

Phila. Ct. Com. Pl. LEXIS 78 (Pa. Com. Pl. Mar. 26, 2007), the plaintiff was "not claiming that it

is entitled to the fees it has incurred in th[e] present action"; instead, it sought compensatory

damages related a prior arbitration where it had *successfully* moved to disqualify the defendant

law firm.  *Id.* at *7-8.  *Fidelity Bank v. Commonwealth Marine and General Assurance Co., Ltd.*,

592 F. Supp. 513 (E.D. Pa. 1984), is even more inapposite.  That case involved an action for

interpleader instituted by a trustee of a fund (Fidelity), and counterclaims against the trustee by

various parties.  The court found that one of the counterclaimants (Horizon) properly asserted a

claim for breach of fiduciary duty against Fidelity, and that the "costs [Horizon] incurred in this

action," among other things, could satisfy the injury prong of Horizon's claim.  *Id.* at 529-30.  It

is clear, however, that the court's ruling was tied to the specifics of the case before it:  Horizon

alleged that Fidelity had misrepresented the terms of the trust agreement, leading Horizon to

believe that the only way to recover monies it was due from the interpleaded fund was by

participating in the interpleader action, thereby incurring legal fees.  *Id.*  In other words, the court

found that Horizon's legal costs constituted injury because Fidelity actively misled Horizon into

incurring those costs.  Cravath respectfully submits that *Fidelity Bank* has no application to the

facts and circumstances of this case.

   At bottom, Airgas is asking the Court to hold that a plaintiff who can otherwise

plead no cognizable injury from its attorney's alleged conflict of interest can nevertheless

manufacture a claim for breach of fiduciary duty by suing that attorney and thereby incurring

legal fees.  Put plainly, however, such self-inflicted injuries are not the type of harm for which plaintiffs may seek redress in a breach of fiduciary duty case.  There are no cases and no rules -- American or otherwise -- that Airgas can cite to support its position to the contrary.

>    **2.    Expenses incurred by Airgas in hiring replacement financing counsel are not attributable to Cravath's alleged misconduct.**

Airgas's argument that the fees it paid for "replacement counsel" it hired after Cravath informed Airgas it would decline new assignments constitutes cognizable injury is equally unpersuasive.

Airgas argues that summary disposition is inappropriate because "whether [it] had a reasonable expectation of continued representation by Cravath [cannot] be determined at this juncture."  (Opp'n Br. at 16.)  That argument misses the point.  Whatever Airgas's subjective expectation, Cravath was as a matter of law (and common sense) not required to serve in perpetuity as counsel for Airgas, and that matter is neither open to debate nor subject to resolution by any fact finder.  Absent a retainer agreement or special circumstances not present here,[4] a law firm is not required to represent a client it does not wish to represent.  Restatement (Third) of the Law Governing Lawyers § 32(3) (2000).  No factual analysis is necessary to arrive at that conclusion, and no amount of discovery can undermine it.[5]

---

[4] In the litigation context, there are circumstances where withdrawing counsel must obtain court approval prior to terminating its representation.  *See* Pa. R. P. C. 1.16(c).  None of those circumstances applies here, and Airgas does not claim otherwise.

[5] Throughout its brief, Airgas suggests that discovery "may reveal [additional] evidence" concerning Airgas's alleged injuries.  (Opp'n Br. at 9 (citations omitted).)  The only party who has information about Airgas's purported injuries is Airgas, and, nine months after Cravath's alleged breach, Airgas cannot claim that it does not yet know the harm it has supposedly suffered.  In any event, discovery is an opportunity to gather evidence for properly pleaded claims, not to fish for a basis to make them.  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

Moreover, Airgas fails properly to plead that Cravath's allegedly wrongful actions were the "but for" cause of Airgas's alleged harm.  For all its protestations that it need not prove "but for" causation, a breach of fiduciary duty claim requires the plaintiff to allege both that the breach was a "real factor" in bringing about the injury *and* that the breach proximately caused the injury.[6]  *See Amato v. KPMG LLP*, 433 F. Supp. 2d 460, 470 (M.D. Pa. 2006) ("Plaintiffs have alleged that [defendant's] actions were a real factor in bringing about Plaintiffs' injuries *and* that its breaches of fiduciary obligations were a proximate cause of damages to Plaintiffs.") (emphasis added); *see also Health Robotics, LLC v. Bennett*, No. 09-0627, 2009 WL 5033966, at *2 (E.D. Pa. Dec. 22, 2009) ("[A] plaintiff must show that . . . the plaintiff was injured as a result of [the breach of fiduciary duty], *and* that the defendant's failure to act as a fiduciary was a real factor in bringing about the injury to the plaintiff.") (emphasis added); *Selheimer v. Manganese Corp.*, 224 A.2d 634, 647 (Pa. 1966) (noting that liability for a breach of fiduciary duty is limited to damages that were proximately caused by the wrongful conduct).[7]

In turn, all proximate (including "real factor") causation requires "but for" causation.  *See* Pa. Suggested Standard Civil Jury Instructions § 3.15 (2008) ("Conduct is a factual cause of harm when the harm would not have occurred absent the conduct."); *United*

---

[6] Another label for a breach of fiduciary duty claim asserted against an attorney is "legal malpractice."  Restatement (Third) of the Law Governing Lawyers § 55 cmt. c (2000) ("A client's claims for legal malpractice . . . can be considered either as tort claims for negligence or breach of fiduciary duty or as contract claims for breach of implied terms in a client-lawyer agreement.  Ordinarily, a plaintiff may cast a legal-malpractice claim as a tort claim, a contract claim, or both and often also as a claim for breach of fiduciary duty.").  Proximate causation is an essential element of a cause of action for legal malpractice.  *See Steiner v. Markel*, 968 A.2d 1253, 1254 (Pa. 2009).

[7] "Real factor," "actual factor" or "substantial factor" causation is a *type* of proximate causation.  *Powell v. Drumheller*, 653 A.2d 619, 622 (Pa. 1995) (holding that proximate causation "may be established by evidence that a defendant's negligent act or failure to act was a *substantial factor* in bringing about the harm inflicted upon a plaintiff") (emphasis added).  That is why some Pennsylvania cases (including the cases that Airgas discusses on page 17 of its brief) do not separately list the "real factor" causation and "proximate" causation elements of the claim.

*States v. Hardy*, No. 09-cr-151, 2010 WL 1543844, at *13 (W.D. Pa. April 19, 2010)

("Proximate cause is often considered to be a subset of a cause in fact, or 'but for' cause");

*Merrell v. Lawler*, No. 09-cv-1093, 2009 WL 1810978, at *4 (M.D. Pa. June 24, 2009) (noting

that "proximate causation" requires, among other things, "'but for' causation"); *Barcola v.*

*Hourigan, Kluger & Quinn P.C.*, No. 02-cv-338, 03-cv-2329, 2006 WL 4757478, at *405 n.2

(Pa. Com. Pl. Dec. 29, 2006) (noting that proof of proximate causation requires proof that "'but

for' the attorney's actions, the accused would have obtained an acquittal or a complete dismissal

of the charges"); *Hackers Inc. v. Palmer*, No. 10361, 2006 WL 4091390, at *490 (Pa. Com. Pl.

Apr. 6, 2006) ("the proximate cause prong can be satisfied by showing that, but for this breach of

professional duty, [the] client would not have suffered an actual loss").

      Because Cravath could have declined to continue its representation of Airgas for

any number of reasons (including on account of an unforeseen conflict), and because, had

Cravath continued to advise Airgas on financing matters, Airgas would have had to incur legal

fees in any event, Airgas cannot plead that, but for Cravath's alleged breach, it would be in a

different position today.  *See, e.g.*, *Axcan*, 2007 Phila. Ct. Com. Pl. LEXIS, at *11-12 (rejecting

argument that costs of obtaining new counsel constituted injury because plaintiff "would have

incurred [those] costs anyway, without any breach of fiduciary duty by [the defendant law firm

subject to a conflict]").

      Indeed, Airgas cannot have it both ways.  According to Airgas, once Cravath

learned of the potential conflict between Airgas and Air Products, the proper course of action

would have been for Cravath to cease representing *both* clients.  As Airgas argued during its

unsuccessful attempt to obtain a temporary restraining order,

      Mr. Weil:  . . .  You can't cho[o]se clients based on who pays you
      more.  You can't do that.

7

The Court:  Let me ask you this -- [if] Cozen is confronted with this, *do you drop both*?

Mr. Weil:  *You have to.*  We will hear testimony if there is a hearing that Mr. Young went to [Dechert] for antitrust advice and they said we can't get involved because we have done work for Air Products and we can't get involved one way or the other.  *That is what you are supposed to do.*

(Feltoon Supp. Decl. Ex. A, Feb. 9, 2010 Tr. at 31:24-32:10 (emphases added).)[8]  But if Airgas is correct that the fiduciary duties Cravath owed to Airgas required it promptly to cease representing both clients upon learning of the conflict, then Airgas would have had to pay "replacement counsel" in any event.  Put differently, Airgas would have been in the same position today no matter what course of action Cravath had chosen to take, and thus Airgas cannot claim that it suffered injury from Cravath's choice -- which, we submit, was permissible under the ethics rules, *see* Pa. R. P. C. 1.16(c) -- to continue representing Air Products, its client of 40 years.

### 3.   Airgas's alleged difficulty in obtaining financing is not attributable to Cravath's alleged misconduct.

Airgas has abandoned its original claim that it was unable to obtain financing because of Cravath's role in Air Products' takeover (Compl. ¶ 70), and now claims only that the financing it indisputably did obtain after this litigation began may not have been "on the same terms as Airgas would have obtained in absence of Cravath's representation of Airgas's pursuer."  (Opp'n Br. at 19.)  The notion that Cravath may somehow be responsible for Airgas's inability to obtain financing on more favorable terms is fanciful and totally speculative, and

---

[8] Even in the context of a motion that attacks the pleadings, it is appropriate for the Court to consider statements made by counsel during oral argument "to clarify allegations in the complaint whose meaning is unclear."  *See Maio v. Aetna Inc.*, 221 F.3d 472, 485 n.12 (3d Cir. 2000).  Here, counsel's statements should be considered because they explain Airgas's contentions concerning how Cravath should have avoided the alleged breach of duty.

Airgas's hypothesis that it is "plausible that Cravath's representation of Air Products, simultaneous with and adverse to its representation of Airgas, enabled Air Products -- armed with Cravath's intimate knowledge of Airgas's financing plans -- to launch its takeover attack at a time when Airgas was planning for additional financing or refinancing" (Opp'n Br. at 19) is precisely the type of conclusory, "naked assertion devoid of further factual enhancement" that merits dismissal at the pleading stage.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

Notably, Airgas has not responded to Cravath's argument -- which Airgas itself made repeatedly when it was attempting to disqualify Cravath[9] -- that Air Products could have chosen another law firm besides Cravath to assist with its takeover of Airgas, and thus Airgas's financing arrangements would be the same today even if Cravath had not provided advice to Air Products.  *See Werther v. Rosen*, No. 1078, 2003 WL 1848570, at *3 (Pa. Com. Pl. Feb. 13, 2003) (holding that "[t]he mere breach of a professional duty, causing only nominal damages . . . does not suffice" to establish a claim for breach of fiduciary duty) (citing *Rizzo v. Haines*, 555 A.2d 58, 68 (Pa. 1989)).

**B.**    **Airgas's New Request for Disgorgement Cannot Save the Complaint.**

Unable to stand on the allegations of harm it identified in its complaint and Rule 26 disclosures, Airgas argues in its opposition brief that it has nonetheless stated a claim for breach of fiduciary duty because it has "pleaded payment of [approximately $323,000 of legal] fees to the breaching attorney, [and] there is no requirement to plead further injury or damages."

---

[9] *E.g.*, Feltoon Supp. Decl. Ex. A, Feb. 9, 2010 Tr. at 33:5-8 ("Mr. Weil:  It is not hard to find someone else in New York who would be delighted to take on the representation of Air Products in this matter.  There are a lot of wonderful firms in New York.").

(Opp'n Br. at 11.)  Despite Airgas's creative citations, its arguments are contrary to Pennsylvania law and unsupported by any of the out-of-state cases on which Airgas relies.

The Pennsylvania Rules of Professional Conduct state unambiguously that a "[v]iolation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached."  Pa. R. P. C., pmbl. ¶ 19.  Put differently, the Pennsylvania Rules are clear that, by itself, a violation of the rules of professional conduct does not entitle a client to file a claim for breach of fiduciary duty.  It is equally clear that a complaint cannot state a breach of fiduciary duty claim without proof of damages.  *Rizzo*, 555 A.2d at 68 ("[W]hen it is alleged that an attorney has breached his professional obligations to his client, an essential element of the cause of action . . . is proof of actual loss.") (citations omitted); *Werther*, 2003 WL 1848570, at *3.[10]

In arguing that it need not plead "injury or damages" because it has allegedly pleaded a technical violation of the Rules of Professional Conduct and the payment of fees to Cravath (Opp'n Br. at 11), Airgas is advocating for an end-run around those settled principles.  Put differently, Airgas wishes to create a new cause of action that would allow any disgruntled former client to seek the return of fees it paid to its allegedly conflicted counsel absent proof of any harm.  That is not the law in Pennsylvania or anywhere else.

As an initial matter, while the issue appears unsettled in the Commonwealth, *see Huber v. Taylor*, 469 F.3d 67, 77 (3d Cir. 2006), no Pennsylvania court has ever held that fees paid to an attorney constitute "injury" for purposes of a breach of fiduciary claim, and many out-

---

[10] Indeed, Airgas acknowledges that "injury" is an essential element of a cause of action for breach of fiduciary duty.  *See* Opp'n Br. at 6-7; *see also Health Robotics*, 2009 WL 5033966, at *2; *Dinger v. Allfirst Fin., Inc.*, 82 Fed. Appx. 261, 265 (3d Cir. 2003); *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998).

of-state courts have expressly rejected the idea. *See, e.g.*, *Bertelsen v. Harris*, 537 F.3d 1047,

1056 (9th Cir. 2008) (upholding, under Washington law, the trial court's refusal to grant

disgorgement of attorneys' fees where the plaintiff claimed no injury apart from the fees it

wanted reimbursed); *Peters Corp v. New Mexico Banquest Investors Corp.*, 144 N.M. 434, 445-

46 (2008) (rejecting plaintiffs' contention that "they do not need to show that harm resulted from

[defendant's] breach in order to justify disgorgement"); *Waggoner v. Caruso*, No. 602192, 2008

WL 4274491, at *16 (N.Y. Sup. Ct. Sept. 10, 2008) (rejecting claim for disgorgement of fees

where harm had not been alleged because "Plaintiffs must show causation in order to recover");

*Slovensky v. Friedman*, 142 Cal. App. 4th 1518, 1536 (3rd Dist. 2006) ("[P]laintiff's

disgorgement claim fails as a matter of law. Where an attorney's [violation of an ethical rule]

has caused the client no damage, disgorgement of fees is not warranted."); *McElroy v. Robinson*

*& Cole, LLP*, No. 99-4677C, 2001 WL 1319970, at *12-13 (Mass. Super. Oct. 25, 2001)

(dismissing breach of fiduciary duty claim for disgorgement of attorneys fees based on conflict

because no distinct harm was alleged); *Unger v. Paul Weiss Rifkind Wharton & Garrison*, 265

A.D.2d 156, 157 (N.Y. App. Div. 1999) ("[A]n attorney's failure to disclose a conflict of interest

is not actionable absent allegation that such a failure proximately caused actual damages.").

      Although it is true that several out-of-state courts (which Airgas mentions in its

brief) have allowed former clients who are able to satisfy all elements of a breach of fiduciary

duty claim -- *including* cognizable injury -- to obtain disgorgement of fees in lieu of damages,

they did so where there were sufficient allegations and proof that the attorney's actions were

wrongful and caused some type of loss to the client beyond the fees paid to the attorney. *See*

*Burrow v. Arce*, 997 S.W.2d 229, 232 (Tex. 1999) (attorneys, who were representing a large

number of plaintiffs in connection with an accident that killed twenty-three persons and injured

hundreds, failed fully to investigate and assess the strength of their clients' claims, failed to communicate offers received and demands made, entered into an aggregate settlement of all of plaintiffs' claims without plaintiffs' authority or approval, and intimidated and coerced their clients into accepting the settlement); *In re Estate of Corriea*, 719 A.2d 1234, 1236 (D.C. Ct. App. 1998) (the attorney withdrew client funds for personal expenses); *Hendry v. Pelland*, 73 F.3d 397, 401-02 (D.C. Cir. 1996) (the attorney simultaneously represented five different parties with sharply diverging interests and offered advice that could be said to have been "tainted"); *Rice v. Perl*, 320 N.W.2d 407, 408 (Minn. 1982) (the law firm employed a party adverse to a client); *Fin Gen. Bankshares, Inc. v. Metzger*, 523 F. Supp. 744 (D.D.C. 1981) (the attorney engaged in concrete activities to undermine its client, such as utilizing shareholder lists obtained from one client to help another client); *Frank v. Bloom*, 634 F.2d 1245, 1256 (10th Cir. 1980) (the attorney took several actions that were detrimental to his client, including the failure to take a deposition, the failure to file a cross-claim and the disclosure of client confidences); *Goldstein v. Lees*, 46 Cal. App. 3d 614 (2d Dist. 1975) (the attorney disclosed client confidences).[11]

Unlike the aggrieved former clients in the cases it cites, Airgas has not pleaded any facts establishing that the advice Cravath provided to Airgas caused it any harm -- indeed, in a sworn statement, Airgas's Treasurer acknowledged that "the counsel provided by Cravath was almost universally excellent." (Feltoon Supp. Decl. Ex. B, Sullivan Supp. Aff. ¶ 20.) Nor has

---

[11] The other cases Airgas cites do not involve disgorgement of fees. *See Synthes (USA) v. Globus Med., Inc.*, No. 04-1235, 2007 WL 2043184, at *10-11 (E.D. Pa. Jul. 12, 2007) (allowing breach of fiduciary duty claim unrelated to issues of disgorgement to proceed based on a clear breach involving disclosures of misappropriated confidential information); *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 225 (2d Cir. 2009) (involving settlement in a medical malpractice case); *Silbiger v. Prudence Bonds Corp.*, 180 F.2d 917, 921 (2d Cir. 1950) (discussing conflicts and fee recovery as governed by the Bankruptcy Act, 11 U.S.C § 249); *Feinberg v. Eckelmeyer*, 09-cv-1536-WY, 2009 WL 4906376, at *1 (E.D. Pa. Dec. 16, 2009) (sustaining breach of fiduciary duty claims unrelated to disgorgement and attorney misconduct, where the breach was based on the Computer Fraud and Abuse Act).

Airgas pleaded that Cravath's representation of Air Products compromised the representation Cravath provided to Airgas.  Similarly, for all the innuendo in Airgas's brief, there are no allegations in the complaint that Cravath disclosed Airgas confidences to Air Products.[12]

In sum, even if Pennsylvania law recognized a cause of action for disgorgement of fees on the basis of an alleged conflict of interest (which Pennsylvania law does not), Airgas has not pleaded any facts establishing that this case warrants that equitable remedy.  Restatement (Third) of the Law Governing Lawyers § 37 cmt. b (2000) ("Forfeiture of fees, however, is not justified in each instance in which a lawyer violates a legal duty . . . .[For example, s]ome violations . . . do not significantly harm the client.").

**C.    Airgas's Punitive Damages Demand Cannot Save the Complaint.**

Airgas does not contest that its request for punitive damages is contingent on its ability properly to plead an underlying claim.  *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 370 (Pa. Super. Ct. 2003) ("If no cause of action exists, then no independent action exists for a claim of punitive damage[s].") (internal quotations and citation omitted).  Because Airgas's complaint does not allege facts sufficient to sustain a claim for breach of fiduciary duty, the request for punitive damages cannot save Airgas's complaint.

---

[12] Notably, Chancellor Chandler found that Cravath did not possess Airgas confidential information.  (Feltoon Decl. Ex. D, Mar. 5, 2010 Tr. at 13:9-11("I am not persuaded that Cravath possesses confidential Airgas information that is not already publicly disclosed.").)

## **CONCLUSION**

For the foregoing reasons, Cravath respectfully requests that the Court grant its

motion for judgment on the pleadings pursuant to Rule 12(c).

Dated:  July 19, 2010

Respectfully Submitted,

By:     s/*Robert N. Feltoon*
NANCY J. GELLMAN (I.D. No. 12472)
JOHN A. GUERNSEY (I.D. No. 25730)
ROBERT N. FELTOON (I.D. No. 58197)
Conrad O'Brien, PC
1515 Market Street, 16th Floor
Philadelphia, PA 19102-1921
Tel.:  (215) 864-9600
Fax:  (215) 864-9620

*Attorneys for Defendant*
*Cravath, Swaine & Moore LLP*

14

## CERTIFICATE OF SERVICE

I, Robert N. Feltoon, Esquire, hereby certify that on July 19, 2010, a copy of the

foregoing Reply Memorandum of Law in Further Support of Cravath, Swaine & Moore LLP's

Motion for Judgment on the Pleadings was filed electronically with the Court.  A copy of this

document is available for viewing and downloading from the Court's ECF system.

An electronic copy has been automatically sent by the ECF system to the following

persons:


Stephen A. Cozen, Esquire
Jeffrey G. Weil, Esquire
Thomas G. Wilkinson, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

Attorneys for Plaintiff, Airgas, Inc.


/s/  Robert N. Feltoon_____
Robert N. Feltoon